# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 11, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JE___ D.C.

May 11, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-12144-GG
Case Style: USA v. Kevin Jackson
District Court Docket No: 2:20-tp-14006-AMC-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12144

_____

UNITED STATES OF AMERICA,

                                                Plaintiff-Appellee,

*versus*

KEVIN JACKSON,

                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-tp-14006-AMC-1

_____

JUDGMENT

2                                                                                                22-12144

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 12, 2023

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12144

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

*versus*

KEVIN JACKSON,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-tp-14006-AMC-1

_____

Case 2:20-tp-14006-AMC   Document 46   Entered on FLSD Docket 05/11/2023   Page 5 of 9
USCA11 Case: 22-12144   Document: 35-1   Date Filed: 04/12/2023   Page: 2 of 4

2                          Opinion of the Court                     22-12144

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Jackson committed numerous supervised release violations—including use of marijuana and fleeing from and eluding a law enforcement officer—for which he was sentenced to 18 months imprisonment and 18 months supervised release. On appeal he argues that his sentence is substantively unreasonable because it is not related to any proper sentencing factor and involves greater deprivation of liberty than reasonably necessary to achieve the purposes of sentencing.

We review the reasonableness of a sentence, including the imposition of supervised release, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which

Case 2:20-tp-14006-AMC   Document 46   Entered on FLSD Docket 05/11/2023   Page 6 of 9
USCA11 Case: 22-12144   Document: 35-1   Date Filed: 04/12/2023   Page: 3 of 4

22-12144               Opinion of the Court                3

include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is a matter committed to the discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A departure is made under the Guidelines, while a variance is made under the sentencing factors in § 3553(a). *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). A challenge to an upward variance is viewed as a challenge to the substantive reasonableness of a sentence. *See, e.g., United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). A district court does not abuse its discretion by varying upward and placing more weight on a defendant's criminal history than on the advisory guideline range. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). We have upheld large upward variances based solely on the defendant's extensive criminal history. *Id.* at 1288; *see, e.g., United States v. Shaw*, 560 F.3d 1230, 1241 (11th Cir. 2009) (upholding a 120-month statutory maximum sentence despite a guidelines range of 30 to 37 months for a defendant who had been arrested 26 times). Further, an upward variance well below the statutory maximum sentence indicates that a sentence is reasonable. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021).

Here, the district court imposed a substantively reasonable sentence, despite upwardly varying. *See Gall*, 552 U.S. at 51. In fashioning Jackson's sentence, the district court noted the nature

Case 2:20-tp-14006-AMC   Document 46   Entered on FLSD Docket 05/11/2023   Page 7 of 9
USCA11 Case: 22-12144   Document: 35-1   Date Filed: 04/12/2023   Page: 4 of 4

4                          Opinion of the Court                    22-12144

and circumstances of the offense and the seriousness of the offense when it noted his excessive speed and elusion of law enforcement that Jackson directly admitted to during the final revocation and sentencing hearing. 18 U.S.C. § 3553(a)(1), (2)(A). Further, the district court acknowledged Jackson's history and characteristics when it mentioned his repeated and lengthy history of violations through marijuana use, including multiple prior violation reports from the United States Probation Office for marijuana use. *Id.* § 3553(a)(1). Additionally, the district court explicitly stated that it considered the statutory purposes of sentencing, the 18 U.S.C. § 3553(a) factors, the parties' arguments, and the information in the violation report. While the district court only discussed in any detail the nature, circumstances, and seriousness of Jackson's offense and his history and characteristics, it was within the district court's discretion to attach great weight to these factors over others, and it stated that it considered all the factors. *Williams*, 526 F.3d at 1322. Finally, Jackson's sentence was below the maximum penalty, which this Court has stated indicates that his sentence is reasonable. *Riley*, 995 F.3d at 1278. Based on the foregoing, it was not unreasonable for the district court to upwardly vary and sentence Jackson to 18 months' imprisonment followed by 18 months' supervised release. *Gall*, 552 U.S. at 51. Accordingly, we affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 12, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12144-GG
Case Style: USA v. Kevin Jackson
District Court Docket No: 2:20-tp-14006-AMC-1

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers
General Information:           404-335-6100      Attorney Admissions: 404-335-6122

| | | | |
|---|---|---|---|
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

OPIN-1 Ntc of Issuance of Opinion